UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATRICK HEEGEL,<br><br>    Plaintiff<br><br>v.<br><br>NEVADA PROPERTY 1 LLC,<br><br>    Defendant | Case No.: 2:20-cv-00001-APG-BNW<br><br>**Order Granting in Part Defendant's Motion to Dismiss**<br><br>[ECF No. 17] |

Plaintiff Patrick Heegel brings this suit against his former employer, defendant Nevada Property 1 LLC, doing business as The Cosmopolitan of Las Vegas (Cosmopolitan). Heegel contends Cosmopolitan subjected him to racial discrimination and retaliation in violation of federal and Nevada law. Heegel, a white supervisor, asserts that Cosmopolitan allowed a black employee to make unfounded and harassing complaints about him that he believed were based on his race. He further alleges he was fired for complaining to Cosmopolitan about these reports, and that two other employees were fired for reporting the same person. He also argues Cosmopolitan is liable for intentional infliction of emotional distress and negligent hiring, retention, and supervision.

Cosmopolitan moves to dismiss the state tort claims, arguing that they are preempted by Nevada's anti-discrimination law.[1] It further argues that Heegel failed to establish the elements for an intentional infliction of emotional distress claim. Heegel responds that the tort claims are

---

[1] Cosmopolitan also argued that the state tort claims are preempted by the Nevada Industrial Insurance Act. ECF No. 17 at 6-7. But Cosmopolitan withdrew this argument in its reply brief so I will not address it. ECF No. 29 at 2 n.1.

not preempted under Nevada law and that accusing someone of being racist is extreme and outrageous in the modern era.

I grant Cosmopolitan's motion to dismiss in part. Nevada's anti-discrimination law does not preempt all tort claims based on employment discrimination. But Heegel's complaint fails to state a claim for intentional infliction of emotional distress because the conduct, as alleged, is not extreme and outrageous and he failed to describe the emotional distress he suffered. I grant Heegel leave to amend.

## I.   BACKGROUND[2]

Heegel worked for Cosmopolitan as Supervisor of Casino Services. ECF No. 1 at 2. In 2018, Danielle Rose, a black employee, began working as a Casino Services Agent; Heegel was her supervisor. *Id.* at 3; ECF No. 1-1 at 2. Starting in May 2018, Rose complained to Cosmopolitan's human resources department about Heegel and his leadership style. ECF Nos. 1 at 3; 1-1 at 2. The following month Heegel complained to his supervisor about Rose's "continual and unfounded complaints" that he believed she made based on his race. ECF No. 1 at 3. His supervisor never responded to this complaint. *Id.* In June 2018, Heegel filed a formal complaint to the human resources department about Rose's "ongoing pattern and continual harassment and discriminatory mistreatment" based on his race. *Id.* Without receiving a response, Heegel was fired eight days later. *Id.* Around this time, two other employees of a different race from Rose who had complained about her were fired. *Id.*

Heegel's complaint alleges four claims for relief: (1) violations of 42 U.S.C. § 2000e-2(a) and Nevada Revised Statutes (NRS) § 613.330(1) for unlawful employment discrimination, (2) violations of 42 U.S.C. § 2000e-3(a) and NRS § 613.340(1) for unlawful retaliation,

---

[2] Facts in this section are based on the allegations in Heegel's complaint.

(3) intentional infliction of emotional distress (IIED), and (4) negligent hiring, retention, and supervision of Rose. Cosmopolitan moves to dismiss claims three and four.

## II. ANALYSIS

Federal Rule of Civil Procedure 8 requires a plaintiff to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a motion to dismiss, I must apply a two-step process in evaluating whether a party has stated a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). First, I must accept as true all of the complaint's well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions and "mere conclusory statements" are not entitled to that same assumption of truth. *Id.* at 678-79. Second, I must determine whether the complaint's factual allegations put forward a plausible claim for relief. *Id.* at 679. This is a context-specific determination that requires drawing on my judicial experience and common sense. *Id.*

### A. Preemption

Cosmopolitan first argues that Heegel has failed to state claims for IIED and negligent supervision because Heegel already has an adequate remedy at law under NRS § 613.330. Cosmopolitan relies on *Brinkman v. Harrah's Operation Co.*, which held that Nevada does not recognize an independent tort action for discrimination that can be remedied under the anti-discrimination statute. 2:08-cv-00817-RCJ-PAL, 2008 WL 11389180, at *2 (D. Nev. Oct. 16, 2008) (citing *Sands Regent v. Valgardson*, 777 P.2d 898 (Nev. 1989) (per curiam)). On that basis, the *Brinkman* court dismissed the plaintiff's negligent supervision and IIED claims that were based on age discrimination. *Id.* at 3. Heegel responds that the Supreme Court of Nevada

3

only applied this principle to tortious discharge claims and that it does not extend to all other common law torts.

I have previously rejected this preemption argument and Cosmopolitan has not persuaded me to change my mind. *Kraja v. Bellagio, LLC*, 202 F. Supp. 3d 1163, 1173 (D. Nev. 2016); *Wilson v. Greater Las Vegas Ass'n of Realtors*, No. 2:14-CV-00362-APG, 2015 WL 1014365, at *5 (D. Nev. Mar. 9, 2015). The Supreme Court of Nevada has barred only tortious discharge claims, and no other tort claims, when adequate anti-discrimination statutory remedies exist. *Valgardson*, 777 P.2d at 899; *Shoen v. Amerco, Inc.*, 896 P.2d 469, 476 (Nev. 1995). In *Shoen*, the Supreme Court of Nevada dismissed a tortious discharge claim on this basis but went on to analyze the sufficiency of an IIED claim without reference to preemption. 896 P.2d at 476. This implies that common law tort claims based on discrimination, other than tortious discharge, can still be brought alongside statutory claims. And several federal courts have concluded that the Supreme Court of Nevada would likely find Nevada's anti-discrimination laws do not preempt all tort claims. *See, e.g.*, *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 (9th Cir. 2011) ("Nevada courts will not construe a statute as eliminating a common law cause of action unless the statute unambiguously requires that result."); *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1267 (D. Nev. 2001) (holding that Nevada would likely side with California and Arizona high courts that allow tort claims based on discrimination). Heegel's claims are not preempted.

**B. Intentional Infliction of Emotional Distress**

In Nevada, the IIED tort is recognizable in the employment context. *Shoen*, 896 P.2d at 476. The elements of an IIED claim are: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having

suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981).

Extreme and outrageous conduct is "that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotations and citations omitted). Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Kraja*, 202 F. Supp. 3d at 1174 (quoting *Candelore v. Clark Cnty. Sanitation Dist.*, 975 F.2d 588, 591 (9th Cir. 1992)). Pleading only about personnel management decisions is "insufficient" to support an IIED claim, even if the decision was improperly motivated. *Welder v. Univ. of S. Nev.*, 833 F. Supp. 2d 1240, 1245 (D. Nev. 2011).

Heegel argues that Rose's continuous complaints and Cosmopolitan's inaction are extreme and outrageous because this conduct amounts to a "campaign of race discrimination, racial harassment, [and] a racially hostile work environment." ECF No. 1 at 6. Yet Heegel does not describe the content of Rose's complaints with any detail, their frequency, or what made them "harassing." While I must accept as true well-pleaded factual allegations, this does not extend to mere conclusory statements. *Iqbal*, 556 U.S. at 678-79. Heegel's allegations describe normal personnel management activity related to firing decisions and the handling of complaints brought to a human resources department. Although Heegel has alleged those decisions were motivated by discrimination, the IIED tort "is not intended to reach every discrimination claim." *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993). Heegel has not alleged enough facts to show that Cosmopolitan's conduct rises to the level of extreme and outrageous.

Additionally, Heegel must allege facts to show he suffered severe emotional distress. To meet this element, the stress must be "so severe and of such intensity that no reasonable person

5

could be expected to endure it." *Estate of Sauceda v. City of N. Las Vegas*, 380 F. Supp. 3d 1068, 1087 (D. Nev. 2019) (internal quotations and citations omitted). On this element, Heegel only states that he "actually suffered severe and extreme emotional distress" and that it "manifested in a number of different ways." ECF No. 1 at 6. This is the kind of formulaic recitation of the elements that is insufficient to state a claim. *Twombly*, 550 U.S. at 545.

Heegel's complaint fails to allege facts sufficient to establish two required IIED elements. Therefore, I grant Cosmopolitan's motion to dismiss the IIED claim. Because amendment does not appear futile, I grant Heegel leave to amend.

### III.   CONCLUSION

I THEREFORE ORDER that defendant Cosmopolitan's motion to dismiss **(ECF No. 17)** is **GRANTED IN PART**. I dismiss plaintiff Patrick Heegel's intentional infliction of emotional distress claim without prejudice.

I FURTHER ORDER that plaintiff Patrick Heegel may file an amended complaint within 21 days of entry of this order.

DATED this 25th day of November, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE