UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Patrick Heegel, | Case No. 2:20-cv-00001-CDS-BNW |
| Plaintiff | |
| v. | **Order Striking ECF No. 56** |
| Nevada Property 1 LLC, | |
| Defendant. | |

  Before the Court is a motion to strike the reply brief in support of summary judgment, ECF No. 56, filed by Defendant Nevada Property 1 LLC d/b/a The Cosmopolitan of Las Vegas ("The Cosmopolitan"). The motion to strike was brought by Plaintiff Patrick Heegel ("Heegel"). ECF No. 57. For the reasons outlined below, I grant the motion to strike, ECF No. 57.

  Heegel moved to strike The Cosmopolitan's reply brief in support of judgment for two reasons. ECF No. 50 at 1-2. First, he contends that the brief was 26 pages, which violates this District's Local Rules. *See* LR 7-3(a) (limiting replies in support of a motion for summary judgment to 20 pages). Defendants cured the first defect by resubmitting the brief – with sans serif font, widowed headers, and narrower leading – at the end of its response to Heegel's motion. *See* ECF No. 60. This Court does not shy away from alternatives to Times New Roman or creative formatting and thus considers the remedial brief satisfactory to comply with the Local Rules and moot Heegel's first contention. *See* LR IA 10-1 (requiring filed documents to have at least size 12 font, at most 28 lines of double-spaced text, and minimum one-inch margins); ECF No. 60 (seemingly complying with LR IA 10-1's requirements).

However, Heegel also makes the more serious allegation that The Cosmopolitan's reply brief improperly asserts new evidence that was not raised by the initial motion.[1] ECF No. 57 at 3-4. The brief attaches as exhibits two declarations that had not previously been on record in the case. *See* ECF No. 56 at 28-33. The declarations are made by witnesses who had been deposed earlier in the litigation and seem to add additional testimony. *Id.* The Cosmopolitan omits the declarations in its second conforming brief appending the response to the motion to strike yet still opposed Plaintiff's motion and references the declarations in body text as if they were attached as exhibits. *See, e.g.,* ECF No. 60 at 17:19 (citing the Ruiz declaration). Presumably, they erred and meant to attach the exhibits as well. However, there is no size-12 font in the world that will allow Defendants to fit both Declarations within this District's 20-page limit. This is a problem, because the local rules imply that exhibits count toward the page limit for replies in support of summary judgment.

Unlike motions, responses, and other briefs, "replies in support of a motion for summary judgment are limited to 20 pages." LR 7-3(a). The Local Rules do not count exhibits toward the respective page limits for every type of brief **except replies in support of summary judgment**. *See* LR 7-3(a) ("Motions for summary judgment and responses…are limited to 30 pages, excluding exhibits. Replies in support of a motion for summary judgment are limited to 20 pages."); 7-3(b) ("All other motions…are limited to 24 pages, excluding exhibits. All other replies are limited to 12 pages, excluding exhibits."). While the Local Rules are not statutes, a common principle of statutory construction dictates that the incorporation of one statutory provision to the exclusion of another must be presumed intentional. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000); *see also United States v. Crane*, 979 F.2d 687, 691 n.2 (9th Cir. 1992) ("The maxim of statutory construction, '*expressio unius est esclusio alterius*', provides that [w]hen a statute

---

[1] Somewhat ironically, Plaintiff also advances a new argument via reply brief when he contends that the declarations Defendant appended as exhibits to their reply in support of summary judgment are "prototypical hearsay." ECF No. 61 at 2-3. Plaintiff did not mention hearsay in his initial motion to strike. *See generally* ECF No. 57. Regardless, I need not decide Plaintiff's hearsay argument because I grant the motion to strike on other grounds.

limits a thing to be done in a particular mode, it includes the negative of any other mode.'") (quoting *Botany Worsted Mills v. United States*, 278 U.S. 282, 289 (1929)).

This interpretation of the statute accords with a plain reading of the statute – there is clearly no carveout to the maximum of 20 pages that permits limit-defying exhibits in replies in support of summary judgments. *See* LR 7-3(a). Furthermore, this interpretation of the statute accords with logic; summary judgment is a critical phase of the litigation. Filing a reply with extra pages of exhibits allows The Cosmopolitan to game the evidence presented at summary judgment. A party hiding their hand could avoid filing exhibits in the summary judgment motion, and only play their cards in the reply brief (a brief to which Plaintiff has little opportunity to respond, as "[s]urreplies are not permitted without leave of court" and "motions for leave to file a surreply are discouraged" in this District (LR 7-2(b))). Finally, this interpretation accords with the rest of the statutory scheme. *See* LR 7-3(c) (disfavoring motions to exceed page limits and requiring such motions to be made **before** the motion or brief is due as well as "a declaration stating the reasons for, and number of, additional pages requested") (emphasis added).

In conclusion, Defendants' reply in support of their motion for summary judgment defies the Local Rules of this District. Trivial defects that fail to conform to procedural rules might be excusable. Inappropriately circumventing the page limit for a reply in support of summary judgment via declarations attached as exhibits, thus preventing Plaintiff from responding to the evidence presented therein, is inexcusable.

Considering the policy justifications behind hearing cases on their merits, I permit Defendants seven days (the amount of time prescribed by the local rules for a party to file a reply to a motion) to re-file their reply that comports with the rules.

. . .

For the reasons described above,

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike (ECF No. 57) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Reply in Support of Summary Judgment (ECF No. 56) be stricken from the record.

IT IS FURTHER ORDERED that Defendant is granted seven days from the issuance of this Order to file a reply conforming with this District's local rules.

IT IS SO ORDERED.

DATED this August 10, 2022

_____
Cristina D. Silva
United States District Judge